No. 2516

Second Circuit

FAZIO v. DURHAM

(May 22, 1928.  Opinion and Decree.)

*(Syllabus by the Court)*

1.  Louisiana   Digest—Evidence—Par.   53, 59, 337, 344; Mandate—Par. 8, 9.

One claiming that the life of a mandate in writing was extended by verbal agreement between the principal and the mandatary has the burden of proof; and where the principal denies· and the mandatary asserts that there was such an agreement the burden has not been discharged.

Spies vs. Caruso, 1 La. App. 544.

2.  Louisiana Digest—Appeal—Par. 625, 634, 635.

A finding of fact by the trial court that the life of a power of attorney in writing had not been extended by verbal agreement between the principal and attorney will not be disturbed on appeal unless manifestly erroneous.

Jahncke Service, Inc., vs. Hewson, 1 La. App. 22.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Domenico Fazio against J. M. Durham.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Murff and Perkins, of Shreveport, attorneys for plaintiff, appellant.

Cecil Morgan and J. M. Grimmet, of Shreveport, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff sues defendant for $600.00, alleged to be due him for finding a buyer for certain property belonging to defendant. He alleges that by written agreement dated October 9, 1924, defendant constituted him his exclusive agent for the period of fifteen days thereafter to sell his property at the price of $13,000.00, and that by verbal agreement between him and defendant the agency was indefinitely extended, and that he found and introduced a buyer for the property to defendant to whom the defendant sold the property for $12,000.

Defendant denied liability and denied that the procuration had been indefinitely extended and alleged that it was extended for one additional day only, and denied that plaintiff had introduced him to the person to whom he sold the property and alleged that he was in negotiation with him to sell him the property before he employed plaintiff and that after the expiration of plaintiff's procuration he resumed negotiations with such person and sold him the property and that plaintiff's previous efforts to that end in no way contributed to the consummation of the sale.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing his suit and he has appealed.

## OPINION

Defendant gave plaintiff the exclusive right for fifteen days to sell his property on terms and conditions specified in a written contract for a commission of five per cent. Plaintiff asserts that by verbal agreement between them this time was indefinitely extended and that he found a buyer for the property on the terms and conditions specified.

Thus the burden was on plaintiff to prove by a preponderance of evidence that he found a buyer for the property and that the life of the procuration had been extended.

The testimony of the plaintiff and defendant on these points is diametrically opposite and both witnesses being of equal credibility the plaintiff failed to discharge the burden of proof resting on him.

The exclusive agency to sell with its one-day extension of time admitted by defendant, expired on October 25, 1924. The property was sold by plaintiff on November 24, 1924, more than twenty days after the expiration of plaintiff's agency as extended and for a thousand dollars less than the price plaintiff was employed to obtain for it and to a person with whom defendant had been in negotiations to sell the property prior to the time he gave plaintiff authority to sell it.

Plaintiff having failed to establish that the life of his procuration had been extended as alleged by him and that he had found a buyer on the terms and conditions prescribed by defendant and the property having been sold by defendant more than twenty days after the expiration of plaintiff's procuration at less than the price he was authorized to obtain for it and to one with whom defendant was in negotiation to sell the property to before plaintiff appeared upon the scene, the plaintiff did not earn the commission claimed and the defendant is not liable to him therefor.

This was the view taken of the controversy by the District Judge and it is correct.

The judgment appealed from is affirmed.